Joel L. Perrell Jr. (VSB No. 88924)
Kristen M. Siracusa (VSB 89729)
Miles & Stockbridge P.C.
100 Light Street, 10th Floor
Baltimore, Maryland 21202
Telephone: (410) 385-3762
Facsimile: (410) 385-3700
jperrell@milesstockbridge.com
*Attorneys for Premium Assignment Corp., Movant*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Richmond Division)**

| | | |
|---|---|---|
| **IN RE:** | * | |
| **VIREOL BIO ENERGY LLC,** | * | **Chapter 11 (Conv. Inv. Ch. 7)** |
| | * | **Case No. 15-35970** |
| **Debtor.** | | |
| * * * * * * * | | |
| **PREMIUM ASSIGNMENT CORP.,** | * | |
| Movant, | * | |
| v. | * | **Hearing Date: Jan. 13, 2016** |
| **VIREOL BIO ENERGY LLC,** | * | **Time: 9:00 a.m.** |
| Respondent. | * | |
| * * * * * * * * * * * * | | |

**MOTION BY PREMIUM ASSIGNMENT CORPORATION
FOR RELIEF FROM THE AUTOMATIC STAY OR, IN THE ALTERNATIVE,
<u>FOR ADEQUATE PROTECTION</u>**

Premium Assignment Corporation ("PAC"), by its undersigned attorneys and pursuant to 11 U.S.C. § 362(d)(1), Federal Rule of Bankruptcy Procedure 4001 and the Local Rules of this Court, moves this Court for relief from the automatic stay to exercise its rights pursuant to certain insurance premium finance agreements and applicable law, including (i) the collection of all return premiums under financed policies of insurance previously cancelled voluntarily by the

Debtor effective October 24, 2015 and (ii) the application of such return premiums and other amounts returned to PAC to the obligations owed to PAC or, in the alternative, for adequate protection of its interest in its collateral (specifically, unearned insurance premiums and related collateral).  In support of this Motion, PAC states as follows:

## JURISDICTION

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and 11 U.S.C. § 362.

2. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1409.

3. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(G).

## PARTIES

4. On November 18, 2015 (the "Petition Date"), certain creditors of Vireol Bio Energy, LLC (the "Debtor") filed an involuntary petition for relief under Chapter 7 of the United States Bankruptcy Code against the Debtor (Doc. No. 1).

5. On December 4, 2015 and again on December 7, 2015, the Debtor requested conversion of this case to a case under Chapter 11 of the Bankruptcy Code and consented to entry of an Order for Relief (Doc Nos. 10 & 11).

6. On December 14, 2015, this Court entered an Order for Relief, and the case was converted to a case under Chapter 11 of the Bankruptcy Code (Doc. Nos. 14 & 15).

7. PAC is a secured creditor of the Debtor pursuant to the terms of certain Premium Financing Agreements dated April 28, 2015 (the "April 28 Agreement") and May 7, 2015 (the "May 7 Agreement" and together with the April 28 Agreement, collectively "Agreements") entered into by the Debtor and assigned to PAC, more particularly described in the following paragraphs.

## FACTS

### The April 28, 2015 Agreement

8.     On or about April 28, 2015, the Debtor entered into and executed the April 28 Agreement with PAC as assignee. Under the terms of the April 28 Agreement, PAC advanced $492,912.00 to enable the Debtor to purchase property, cargo, general liability, umbrella and package insurance coverage (twelve-month coverage) (the "April 28 Insurance Coverage"). In consideration for PAC's advance of funds, the Debtor promised to repay the funds plus interest in ten (10) monthly installments of $50,162.89. All installment payments were due the 24th day of each month, commencing with an installment payment on April 24, 2015. A true and correct copy of the April 28 Agreement is attached hereto as **Exhibit A** and incorporated herein by reference.

### The May 7, 2015 Agreement

9.     On or about May 7, 2015, the Debtor entered into and executed the May 7 Agreement with PAC as assignee. Under the terms of the May 7 Agreement, PAC advanced $15,868.01 to enable the Debtor to purchase EXCS insurance coverage (eleven-month coverage) (the "May 7 Insurance Coverage"). In consideration for PAC's advance of funds, the Debtor promised to repay the funds plus interest in eight (8) monthly installments of $2,017.39. All installment payments were due the 24th day of each month, commencing with an installment payment on June 24, 2015. A true and correct copy of the May 7 Agreement is attached hereto as **Exhibit B** and incorporated herein by reference. The April 28 Insurance Coverage and the May 7 Insurance Coverage are collectively referred to as the "Insurance Coverage."

10.     Repayment of PAC's loans under the Agreements is secured by a security interest in all unearned premiums under the Insurance Coverage (the "Collateral"), coupled with a

limited power of attorney to cancel the Insurance Coverage upon a default.  See Agreements, p. 1, ¶¶ 1 & 2.  No filing of a financing statement is required to perfect PAC's security interest in the Collateral.  See Va. Code Ann. § 38.2-4712 (no filing necessary to perfect validity of premium finance agreement as secured transaction as against others); Fla. Stat. § 627.844(2) (same).

11. Effective October 24, 2015, the Debtor voluntarily cancelled the Insurance Coverage, except for the "package" policy under the April 28 Agreement.  Copies of the Debtor's Cancellation Requests and Policy Releases are attached hereto as **Exhibit C** and incorporated herein by reference.

12. It remains unclear why the Debtor did not cancel all policies.

13. The Debtor failed to make payment for November, 2015 under the Agreements (post-petition arrearage).  The Debtor remains in default under the Agreements as of the date of this Motion.

14. As of the date of this Motion, the total amount due PAC is $159,149.85 (which includes a late charge in the amount of $2,609.01 and interest through the term of each of the Agreements), plus additional late charges, attorneys' fees and other fees under the Agreements as they may become due and owing.

15. On October 24, 2015 (the effective date of the Debtor's cancellation of all Insurance Coverage, except for the "package" policy under the April 28 Agreement), the value of PAC's Collateral, which represented the aggregate unearned premium for the Insurance Coverage on a pro rata basis, exceeded the amount owed to PAC.

4

## Request for Relief

16. Cause exists pursuant to 11 U.S.C. § 362(d)(1) to grant PAC relief from the automatic stay because the Debtor has cancelled all Insurance Coverage other than the package coverage under the April 28 Agreement, and PAC, as creditor with a first priority lien on return premiums, is entitled to such return premiums.

17. Further, the Debtor has not made or offered to make sufficient adequate protection to PAC for the continued use of the Collateral (limited to the package insurance policy under the April 28 Agreement), notwithstanding the benefits derived from and use of PAC's collateral on an ongoing basis. An insurance premium finance lender is entitled to either relief from the automatic stay in order to cancel the financed insurance coverage or, in the alternative, adequate protection payments pursuant to 11 U.S.C. § 363. See In re U.S. Repeating Arms Co., 67 B.R. 990, 998 (Bankr. D. Conn. 1986) (finding that premium finance lender was entitled to adequate protection of the value of its security interest); In re Auto-Train Corp., 9 B.R. 159, 167 (Bankr. D.D.C. 1981) (finding that premium insurance lender was entitled to adequate protection from inception of bankruptcy case to expiration of the insurance policies).

18. Cause further exists because, upon information and belief, after payment of PAC in full, excess return premiums will be available for payment to the Debtor and the Estate.

19. Accordingly, PAC seeks relief from the automatic stay in order to collect and to apply the unearned premiums under the Insurance Coverage that was voluntarily cancelled by the Debtor, to the outstanding indebtedness due and owing PAC, including principal, interest, late fees, attorneys' fees, and costs as allowed by the Agreements and applicable law.

Client Documents:4812-0994-9484v2|G3517-000004|12/14/2015

20. PAC further requests that the Court waive the stay of any Order entered that is imposed by Federal Rule of Bankruptcy Procedure 4001(a)(3). PAC submits that cause exists to waive such stay given the nature of the Collateral and its daily diminution in value.

WHEREFORE, Premium Assignment Corporation requests this Court to enter an Order:

(A) Modifying and lifting the automatic stay, pursuant to 11 U.S.C. § 362(d)(1);

(B) Permitting PAC to collect and to apply the unearned premiums under the Insurance Coverage that was voluntarily cancelled by the Debtor, to the outstanding indebtedness due and owing PAC, including principal, interest, late fees, attorneys' fees, and costs as allowed by the Agreements and applicable law;

(C) Permitting any insurance companies in possession of the Collateral to turnover the Collateral to PAC;

(D) Permitting PAC to pay any excess return premium, after payment of the outstanding indebtedness due and owing PAC, including principal, interest, late fees, attorneys' fees, and costs as allowed by the Agreements and applicable law, to the Debtor;

(E) Waiving the stay imposed by Federal Rule of Bankruptcy Procedure 4001(a)(3); and

(F) Granting such other and further relief as is just and proper in this case.

Client Documents:4812-0994-9484v2|G3517-000004|12/14/2015

Dated this 17th day of December, 2015.

          */s/ Joel L. Perrell Jr.*
          Joel L. Perrell Jr. (VSB 88924)
          Kristen M. Siracusa (VSB 89729)
          Miles & Stockbridge P.C.
          100 Light Street, 10th Floor
          Baltimore, Maryland 21202
          Phone:  (410) 385-3762
          Fax:     (410) 385-3700
          Email:  jperrell@milesstockbridge.com
          *Attorneys for Premium Assignment Corporation*

## Certificate of Service

I HEREBY CERTIFY that on this 17th day of December, 2015, I caused copies of the foregoing *MOTION BY PREMIUM ASSIGNMENT CORPORATION FOR RELIEF FROM THE AUTOMATIC STAY OR, IN THE ALTERNATIVE, FOR ADEQUATE PROTECTION*, Exhibits, Proposed Order and Notice of Motion, to be served via this Court's CMECF system on all parties registered to receive notice, and on the following parties by first-class mail postage prepaid:

Vireol Bio Energy LLC
c/o Peter Conway, Debtor Designee
701 S. 6th Street
Hopewell, VA 23860

Kevin J. Funk
DurretteCrump PLC
1111 East Main Street, 16th Floor
Richmond, VA 23219
*Counsel for Debtor*

Virginia Electric and Power Co., Inc.
c/o James L. Stevens, Manager
701 East Cary Street
Richmond, VA 23219

Stephen E. Baril
Troy Savenko
Kaplan, Voekler, Cunningham & Frank, PLC
1401 East Cary Street (23219)
P.O. Box 2470
Richmond, VA 23218-2470
*Counsel for Virginia Electric and Power Co., Inc.*

West End Machine & Welding, Inc.
c/o John A. Rueger., Jr., President
6804 School Avenue
Henrico, VA 23228

Andrea Sullivan Gould
Mauck & Brooke PLC
416 West Franklin St.
Richmond, VA 23220
*Counsel for West End Machine & Welding, Inc.*

Southern Construction Utilities, Inc.
c/o Mark Moody, President
1774 Fine Street
Prince George, VA 23875

William A. Burnett
Williams Mullen
200 South 10th Street, 16th Floor
P.O. Box 1320
Richmond, VA 23218-1320
*Counsel for Hillcrest Transportation, Inc.*

Hillcrest Transportation, Inc.
c/o Kristina Ford, Manager
25452 Hofheimer Way
Petersburg, VA 23803

William Daniel Prince, IV
Neil S. Talegaonkar
Thompson McMullan, PC
100 Shockoe Slip
Third Floor
Richmond, VA 23219
*Counsel for Southern Construction Utilities, Inc.*

Office of the United States Trustee
701 East Broad Street
Suite 4304
Richmond, VA 23219

        */s/ Joel L. Perrell Jr.*
        Joel L. Perrell Jr.

Client Documents:4812-0994-9484v2|G3517-000004|12/14/2015