UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| VIREOL BIO ENERGY LLC, | ) | Case No. **15-35970-KLP** |
| | ) | |
| Debtor. | ) | |

## MOTION FOR AUTHORITY TO EXAMINE THE
## DEBTOR PURSUANT TO BANKRUPTCY RULE 2004

Virginia Electric and Power Company, d/b/a Dominion Virginia Power ("Dominion"), a

creditor in this bankruptcy case, by and through the undersigned counsel, hereby files this

*Motion for Authority to Examine the Debtor Pursuant to Bankruptcy Rule 2004* (the "Motion")

and in support thereof, respectfully states as follows:

### Jurisdiction

1.      This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and

1334.

2.      Venue lies properly in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      This matter is a core proceeding pursuant to 28 U.S.C. § 157.

### Background

4.      On November 18, 2015, Dominion, West End Machine & Welding, Inc.,

Southern Construction Utilities, Inc., and Hillcrest Transportation, Inc. (the "Petitioning

{00745732.3 }
KAPLAN VOEKLER CUNNINGHAM & FRANK, PLC
Stephen E. Baril (Va. Bar No. 19604)
Paul D. Anders (Va. Bar No. 31712)
Troy Savenko (Va. Bar No. 44516)
1401 East Cary Street
Richmond, VA  23219
(804) 823-4000

*Counsel for Virginia Electric & Power Co., Inc.*

Creditors"),  initiated this case by filing an *Involuntary Petition Under Chapter 7* [Docket No. 1]

against Vireol Bio Energy LLC (the "Debtor").

     5.     On December 4, 2015, the Debtor filed its *Answer, Consent to Entry of Order for*

*Relief, and Motion to Convert Case to Chapter 11* [Docket No. 10], which was re-filed as the

*Answer to Involuntary Petition and Motion to Convert* [Docket No. 11] on December 11, 2015,

wherein the Debtor consented to the entry of an order for relief and asked the Court to convert

the case from Chapter 7 to Chapter 11.

     6.     On December 14, 2015, the Court entered the *Order for Relief* [Docket No. 14]

and the *Order Granting Motion to Convert Case to Chapter 11* [Docket No. 11].

     7.     The Debtor is now operating as a debtor-in-possession.

     8.     As of the filing of this Motion, no committee of unsecured creditors has been

appointed.

     9.     The meeting of creditors pursuant to 11 U.S.C. § 341 is scheduled to occur on

January 26, 2016 at 2:00 p.m. (the "Creditor Meeting").

### The Debtor's Relationship with the Debtor

     10.     Prior to the Petition Date, the Debtor and Dominion entered into an Agreement

for Electric Services, dated June 9, 2014, pursuant to which, the Debtor agreed to pay Dominion

for electric services provided by Dominion to the Debtor's bio-fuel generation plant (the "Plant")

located in Hopewell, Virginia (the "Agreement").

     11.     Pursuant to the Agreement, Dominion provided electric services to the Debtor

from June 9, 2014 through September 25, 2015.  As a result of the Debtor's failure to fully pay

for the electric services provided, Dominion filed an action in Henrico Circuit Court against the

Case 15-35970-KLP   Doc 29   Filed 12/23/15   Entered 12/23/15 15:48:12   Desc Main
Document     Page 3 of 19

Debtor, Vireol Bio Energy Holdings, Limited ("VBE Holdings") and Future Fuels No. 1, LLP ("Future Fuels") to recover all amounts owed under the Agreement (the "Henrico Action").

12.     VBE Holdings is believed to be 100% owner of the Debtor.  Future Fuels was the owner of the Plant, and leased the premises to the Debtor.  Future Fuels is also believed to be the majority owner of VBE Holdings.  Dominion contends in the Henrico Action that Debtor is the alter ego of both VBE Holdings and Future Fuels, which have maintained control over Debtor's operations and use of funds.

13.     Accordingly, the Henrico Action seeks to "pierce the corporate veil" and recover $1,802,910.34 due and owing under the Agreement, jointly and severally, from the Debtor, VBE Holdings and Future Fuels.  The Henrico Action is subject to the automatic stay under 11 U.S.C. §362.

## The Proposed 2004 Motion

14.     By this Motion, Dominion seeks an order granting Dominion authority to conduct an examination of the Debtor pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure, including compelling the Debtor to appear for examination on January 27, 2016 and to produce the requested documents set forth in Exhibit A to the proposed Order, attached hereto as Exhibit 1 by January 19, 2016.  The purpose of the Motion is to gather information related to the Debtor's financial condition, its precipitous collapse, and whether there are any claims against the Debtor, its insiders, or any other third parties arising from its conduct to date.

## The Authority for a Rule 2004 Examination

15.     Federal Bankruptcy Rule 2004(a) authorizes any party in interest to move the court for an order to conduct the examination of any entity.  Rule 2004(b) provides that the scope

{00745732.3 }                          3

of this examination may relate to "the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge." Fed. R. Bankr. P. 2004.

16.     Examinations under Rule 2004 are allowed for the "purpose of discovering assets and unearthing frauds." 8 *Collier on Bankruptcy*, ¶¶ 2004.04, 2004-10 (15th ed. 1993) (citation omitted).

17.     It is well established that the scope of a Rule 2004 examination is broad. *See In re Wash. Mut., Inc.*, 408 B.R. 45 (D. Del. 2009) (scope of Rule 2004 examination is "unfettered and broad."). Indeed, the nature of a Rule 2004 examination is commonly compared to a "fishing expedition." *See e.g., In re Bounds*, 2010 Bankr. LEXIS 2983, at *14 (W.D. Tex. Aug. 31, 2010). The purpose of the Rule 2004 examination is to aid in the discovery of assets, including potential causes of action, and if a third person can be shown to have a relationship with the debtor's affairs, the party is subject to a Rule 2004 examination. *In re Mantolesky,* 14 B.R. 973, 977 (D. Mass. 1981). Courts limit the scope of the examination only where the rule is used to "unduly harass the witness" or where the examination would amount to a "frivolous waste of assets of the estate." *See In re Duratach Indus.,* 241 B.R. 283 (E.D.N.Y. 1999).

18.     In this case, Dominion is concerned that the Debtor may have engaged in improper transfers to insiders, fraudulent conveyances or other preferential payments. Under the circumstances, a Rule 2004 examination is necessary to allow Dominion to gather information relating to the relationships between Debtor, VRE Holdings and Future Fuels, their financial obligations and payment histories, as well as other potentially preferential payments.

19.     Dominion is moving for the entry of an Order granting it the authority to subpoena documents from the Debtor.  Dominion is also requesting that it be permitted to take the oral examination of the Debtor.

20.     The Debtor has consented to the relief requested herein.  The parties have agreed to a rolling document production schedule and have scheduled the oral examination of Debtor to take place at the offices of the Debtor's counsel on January 27, 2016, at 10:00 a.m.

WHEREFORE, Dominion respectfully requests that this Court enter an order, substantially in the form attached hereto as Exhibit 1, authorizing Dominion to conduct a Rule 2004 examination of the Debtor, through both the production of documents and oral examination and granting such other and further relief that this case may require and the Court deems just and proper.

Date:   December 23, 2015                 VIRGINIA ELECTRIC AND
                                          POWER CO., INC.

                                          /s/ Stephen E. Baril
                                          KAPLAN VOEKLER CUNNINGHAM &
                                          FRANK, PLC
                                          Stephen E. Baril (Va. Bar No. 19604)
                                          Paul D. Anders (Va. Bar No. 31712)
                                          Troy Savenko (Va. Bar No. 44516)
                                          1401 East Cary Street
                                          Richmond, VA  23219
                                          (804) 823-4000

                                          *Counsel for Virginia Electric &
                                          Power Co., Inc.*

{00745732.3 }                             5

## CERTIFICATE OF SERVICE

I hereby certify that on December 23, 2015, a copy of the foregoing *Motion for Authority to Examine the Debtor Pursuant to Bankruptcy Rule 2004* was filed and served via the Court's Electronic Case Filing System on all parties receiving notice thereby.

/s/ Stephen E. Baril _____
Counsel

EXHIBIT 1

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| VIREOL BIO ENERGY LLC, | ) | Case No. **15-35970-KLP** |
| | ) | |
| Debtor. | ) | |

## ORDER GRANTING MOTION FOR AUTHORITY TO
## THE DEBTOR PURSUANT TO BANKRUPTCY RULE 2004

Virginia Electric and Power Company, d/b/a Dominion Virginia Power, a creditor in the above-captioned case ("Dominion"), has moved for authority to examine the Debtor, Vireol Bio Energy LLC (the "Debtor") pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Motion"). It appears to the Court that the Motion and notice were properly served on all necessary parties, that no objections have been filed, and that the Debtor consents to the relief requested. Accordingly, IT IS HEREBY ORDERED THAT:

1.      No hearing on the Motion is required;

2.      The Motion is granted;

3.      Dominion is hereby authorized to examine the Debtor to the fullest extent permitted by Bankruptcy Rules 2004 and 9016;

4.      Debtor shall appear at the offices of its counsel for oral examination by Dominion on January 27, 2015;

5.      Debtor shall respond to the documents requests attached as Exhibit A to this Order and produce such documents to Dominion on or before January 19, 2016; and

6.      The Court retains jurisdiction with respect to all disputes arising from or related to the implementation or interpretation of this Order.

{00745732.3 }

ENTERED: _____

            UNITED STATES BANKRUPTCY JUDGE

I ASK FOR THIS:

/s/ Stephen E. Baril
KAPLAN VOEKLER CUNNINGHAM & FRANK, PLC
Stephen E. Baril (Va. Bar No. 19604)
Paul D. Anders (Va. Bar No. 31712)
Troy Savenko (Va. Bar No. 44516)
1401 East Cary Street
Richmond, VA   23219
(804) 823-4000

*Counsel for Virginia Electric &*
*Power Co., Inc.*

SEEN AND NO OBJECTION:

/s/ Kevin J. Funk (authorization given via electronic mail)
Kevin J. Funk (Va. Bar No. 65465)
DurretteCrump PLC
1111 East Main Street, 16th Floor
Richmond, Virginia 23219
(804) 775-6900

*Counsel for the Debtor*

## LOCAL RULE 9022-1 CERTIFICATION

       In accordance with Local Rule 9022-1, I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

            /s/ Stephen E. Baril
            Counsel

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| VIREOL BIO ENERGY LLC, | ) | Case No. **15-35970-KLP** |
| | ) | |
| Debtor. | ) | |

## FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEBTOR PURSUANT TO FEDERAL RULES OF BANKRUPTCY PROCEDURE 2004 AND LOCAL BANKRUPTCY RULE 2004-1

Creditor Virginia Electric and Power Company, d/b/a Dominion Virginia Power ("Dominion"), by counsel, hereby make this first request that the Debtor produce the documents set forth on <u>Exhibit A</u> hereto. Documents must be produced to Dominion's undersigned counsel in electronic or paper form in accordance with the below instructions at the offices of Kaplan Voekler Cunningham & Frank, c/o Stephen E. Baril, Esquire, 1401 East Cary Street, Richmond, Virginia 23219, on or before January 19, 2016, at 10:00 a.m.

## <u>DEFINITIONS</u>

1.      "Defendant," "You" or "Your" means and includes Vireol Bio Energy, LLC, individually, its successors and/or predecessors in interest, affiliates and any and all employees, managers, members, partners, officers, directors, agents, servants, representatives, accountants or anyone acting or purporting to act on behalf of any of the foregoing, including attorneys, unless the information to be provided is privileged.

[00745732.3 ]
KAPLAN VOEKLER CUNNINGHAM & FRANK, PLC
Stephen E. Baril (Va. Bar No. 19604)
Paul D. Anders (Va. Bar No. 31712)
Troy Savenko (Va. Bar No. 44516)
1401 East Cary Street
Richmond, VA  23219
(804) 823-4000

*Counsel for Virginia Electric & Power Co., Inc.*

2.      "Plaintiff" means and includes Virginia Electric and Power Company, d/b/a

Dominion Virginia Power, its agents, servants, representatives, accountants or anyone acting or

purporting to act on its behalf.

3.      The term "document" shall mean any written or any other tangible thing of every

kind and description, including electronically stored information, whether in draft or final form,

original or reproduction, in your actual or constructive possession, custody or control, including

but not limited to: letters, correspondence, notes, films, transcripts, telegrams, teletype messages,

contracts and agreements including drafts, proposals, and any and all modifications thereof,

licenses, memoranda, transcripts and recordings of telephone conversations or personal

conversations, microfilm, microfiche, books, newspapers, magazines, advertisements,

periodicals, bulletins, circulars, pamphlets, statements, notices, memoranda (including inter- and

intra-office memoranda, memoranda for file, pencil jotting, expense accounts, recorded

recollections and any other written form of notation of events thereto, draft minutes, resolutions

and agendas), expressions and/or statements of policy, lists of persons attending meetings and

conferences, reports, rules, regulations, directions, communications, reports, financial statements,

tax returns, ledgers, books of account, proposals, prospectuses, offers, orders, receipts, analyses,

audits, working papers, computations, projections, tabulations, financial records, blueprints,

plans, writings, drawings, graphs, charts, photographs, phono-records, invoices, receipts,

working papers, desk calendars, appointment books, diaries, time sheets, logs, movies, tapes for

visual audio reproduction, recordings, magnetic computer tapes and discs, reports and/or

summaries of investigations, opinions and/or reports of consultants, appraisals, reports and/or

summaries of negotiations, computer punch cards, electronic mail (a.k.a. "e-mail" or "email")

(including e-mail saved on computers, e-mail in hard copy form, and any deleted messages

which may be retrieved from backup systems or from your Internet Service Provider), voicemail,
any other data compilations from which information can be obtained (translated, if necessary,
into reasonably usable form), and/or all material similar to any of the foregoing, however
denominated. The term "document" shall also include copies containing additional writing or
marks not present on the originals and copies that are otherwise not identical copies of the
originals. Additionally, the term "document" shall include any meta-data associated with the
underlying document.

4.      "Identify" or "identity," (a) when used in reference to a natural person, means to
state his or her full name, home and office telephone number and address, business title, business
affiliation or, if the above are not known, such information as was last known. If such person
has, or at any time in question had, any relationship to you or to any other party to this action,
"identify" also means to state what the relationship is or was. (b) "Identify" or "identity," when
used in reference to a corporation, partnership or any legal entity other than a natural person,
means to state its full name, form of organization, jurisdiction of any incorporation, current or
last known address, and its principal place of business. (c) "Identify" or "identity," when used in
reference to a document, means to state the Bates-label number for the document (if applicable)
and to state the type of document (e.g., letter, memorandum, contract, telegram, etc.), its date,
author or authors, addressee or addressees, if any, a summary of its contents, and its present
location or custodian. If any such document is no longer in your possession or subject to your
control, "identify" also means to state what disposition was made of it and the date of such
disposition. (d) "Identify" or "identity," when used in reference to any act, means to describe in
substance the event or events constituting such act, what transpired, the place and date thereof,
and to identify the persons present, the persons involved, and all documents relating to the act.

(e) "Identify" or "identity," when used in any other context, means to state and describe in complete detail.

5.      Information "relating" to a given subject matter, as used herein, means information that constitutes, embodies, comprises, reflects, identifies, states, refers to, deals with, comments on, responds to, describes, analyzes, contains information containing, or is in any way pertinent to that subject matter, including, without limitation, documents concerning the preparation or presentation of other documents.

6.      Unless otherwise specified, the terms "person" or "persons" as used herein mean natural persons, corporations, associations, partnerships, joint ventures, proprietorships, governmental agencies, departments or offices or other legal entities, whether foreign or domestic.

7.      The "Complaint" means and refers to the Complaint filed in this case on or about October 30, 2015, as well as any amendments thereto.

8.      Unless otherwise defined, all words and phrases used herein shall be accorded their usual meaning in plain and ordinary usage.

9.      Unless otherwise defined, the applicable time period for the requests herein shall be January 1, 2013 to present.

10.      "Communication" or "communications" shall mean the recording, transmission, giving, receiving or exchanging of information or data of any kind by any means whatsoever, including but not limited to document(s) as that term is defined above.

11.       "Describe" and "description" (i) when used in reference to communications means to identify all participants in and/or recipients of the communication, the date on which the communication occurred and to provide a summary of the substance of the communication.

{00745732.3 }                                    6

(ii) when used in reference to a document, this term shall mean to state the following as to each document:

      a.  the nature and contents thereof;

      b.  the date thereof;

      c.  the name, address and position of the author or signer thereof;

      d.  the name, address and position of the addressee, if any; and

      e.  the present location thereof and the name, present address and position of the person or persons having present custody thereof.

12.    "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these discovery requests any information which might otherwise be construed to be outside their scope.

13.    "Concerning" or "relating" shall mean in whole or in part, directly or indirectly, referring to, relating to, connected with, commenting on, responding to, showing, describing, analyzing, reflecting, concerning, constituting, embodying and/or mentioning.

## <u>INSTRUCTIONS</u>

1.    These Document Requests seek documents in your possession, custody or control including documents in the possession of your counsel.

2.    These Document Requests are deemed to be continuing, and should you locate additional responsive documents subsequent to your initial production, you are requested to produce such documents to the undersigned attorney promptly upon your discovery or receipt of the documents.

3.    If any document or portion of a document called for by a particular request is withheld on grounds of privilege or otherwise, then provide a log with the following information relating to each document or portion of a document withheld:

     a.      the kind of document (e.g., memorandum, letter, note, etc.);

     b.      the date of the document or, if no date appears thereon, the approximate date the document was prepared;

     c.      the identity of the author;

     d.      the identity of the person(s) to whom the document is addressed;

     e.      the identity of any other recipients of the document that appear on the document as having received a copy (e.g., as "cc" or "bcc");

     f.      the identity of all recipient(s) of the document whose names do not appear on the face of the document;

     g.      the claim of privilege providing the grounds for withholding the document (e.g., attorney-client); and

     h.      a general description of the subject matter and contents of the document.

4.      Each Document Request shall be deemed to call for the production of the original document or documents. If the original is not available, then a copy shall be produced. In addition, any copy of a document shall be produced if it differs in any respect from the original (e.g., by reason of handwritten notes or comments having been added to the copy which do not appear on the original or otherwise).

5.      Prior to producing the documents, please organize and label them to correspond with the numbered categories in these Document Requests.

6.      Electronically stored information ("ESI"), including e-mail, e-mail attachments, database, spreadsheet, and word-processing files, should be produced in its native format. Production of ESI is not limited to emails and their attachments but includes all electronically stored files and data.

7.      The past tense shall be construed to include the present tense, and vice versa, to make the request inclusive rather than exclusive.

8.      The singular shall be construed to include the plural, and vice versa, to make the

request inclusive rather than exclusive.

**<u>EXHIBIT A</u>**


**(Documents Requested)**

## <u>DOCUMENTS REQUESTED</u>

1.      All documents relating to the allegations in the Complaint and/or Your Answer thereto.

2.      All documents relied upon by You to respond to the Complaint.

3.      All documents relating to the income and expenses of VBE from January 2013 to date, including but not limited to VBE's income and expense statements, balance sheets, profit and loss statements, bank statements, tax returns, and accounts payable and accounts receivable statements.

4.      All of VBE's financial statements, audited or unaudited, and any budget proformas from January 2013 to date, including but not limited to income statements, balance sheets, and profit and loss statements.

5.      All documents relating to VBE's debts and payments to creditors from January 1, 2015 to present, including all documents evidencing any loans, notes, liens, agreements and contracts with creditors, purchase orders, invoices, billing statements, receipts, pledged assets, collateral, preference payments, and any and all payments to creditors, investors, shareholders, Vireol Bio Energy Holdings Limited ("VBE Holdings") and Future Fuels No. 1, LLP ("Future Fuels").

6.      All documents relating to any transfers of funds, contracts, debts, notes, financing, and payments between VBE with VBE Holdings from January 1, 2015 to present.

7.      All documents relating to any transfers of funds, contracts, debts, notes, financing, payments between VBE with Future Fuels from January 1, 2015 to present.

8.      The lease and any and all documents related to the lease of the plant located at 200 S. Main Street in Hopewell, Virginia (the "Plant"), including all lease payments to Future

Fuels and all correspondence, late notices, notices of default, and notices of termination to or from Future Fuels.

9.      All documents relating to the payment of rent, maintenance, fees, taxes, utilities and other expenses under the terms of the lease with Future Fuels for the operation or use of the Plant.

10.      All documents reflecting VBE's, VBE Holdings' or Future Fuels' compensation to any and all VBE officers, directors, executives, employees, independent contractors, consultants, professionals, vendors or suppliers.

11.      All documents relating to all credits, payments, grants, incentives or rebates from any governmental entity, including but not limited to the Commonwealth of Virginia, the City of Hopewell, or any federal agency, related to the Plant or the operations of the Plant, VBE, VBE Holdings or Future Fuels.

12.      All documents reflecting the business and financial relationships between or among VBE, VBE Holdings and Future Fuels, including but not limited to all correspondence, payments, distributions, transfers of money, management fees, business expenses or other costs paid to or from any affiliate, parent or subsidiary to VBE.

13.      All documents showing the corporate structure and governance of VBE, VBE Holdings, Future Fuels, and any affiliate, parent or subsidiary, including minute books and correspondence between or among these entities.

14.      All computer-stored data and electronically stored information, including but not limited to, program files, log files, cache files, cookies, deleted files, back-up files, e-mails, drafts of e-mails, documents, drafts of documents, calendars, travel schedules, schedules, voice mail transcriptions, spreadsheets, and database files, from anywhere on your Computer System,

{00745732.3 }                    12

that refer or relate to the allegations contained in the Complaint, or documents or information responsive to these document requests.

15.     All documents relating to VBE's financial affairs from January 2013 to the present.

16.     All documents relating to communications with suppliers or vendors regarding late payments or defaults on obligations to suppliers or vendors.